FILED

MAY 18 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _VPC_ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>Dante Levell Grant -12 | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 13-cr-04510-JAH-12<br><br>Knut S Johnson<br>Defendant's Attorney |

REGISTRATION No. 46486298

THE DEFENDANT:

[X] admitted guilt to violation of allegation(s) No. 1,2,3 & 4.

[ ] was found in violation of allegation(s) No. _____ after denial of guilt.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following allegation(s):

| Allegation Number | Nature of Violation |
|---|---|
| 1 | Comply with all lawful rules of the probation department (nv1a) |
| 2 | Unlawful use of controlled substance (nv3) |
| 3,4 | Failure to participate in drug aftercare program (nv21) |

_Supervised Release_ is revoked and the defendant is sentenced as provided in pages 2 through __5__ of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 14, 2018
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

13-cr-04510-JAH-12

Judgment — Page 2 of 5

DEFENDANT: Dante Levell Grant -12
CASE NUMBER: 13-cr-04510-JAH-12

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Eight months.

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defenant be housed at MCC San Diego.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Dante Levell Grant -12
CASE NUMBER: 13-cr-04510-JAH-12

Judgment—Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Twenty-four months.

 The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

 If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

 The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Dante Levell Grant
CASE NUMBER: 13-cr-04510-JAH-12

# SPECIAL CONDITIONS OF SUPERVISION

1. Not enter or reside in the Republic of Mexico without permission of the court or probation officer.

2. Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

3. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

4. Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).

5. Resolve all outstanding warrants within 90 days of release.

6. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

7. Shall not knowingly associate with any member, prospect, or associate of the (Black MOB/Skanless), or any other gang, or club with a history of criminal activity, unless given permission by the probation officer.

8. Shall not wear or possess any paraphernalia, insignia, clothing, photographs, or any other materials associated with the Black MOB/Skanless, unless given permission by the probation officer.

9. Shall not loiter, or be present in locations known to be areas where gang members congregate, unless given permission by the probation officer including no loitering in areas known to be frequented by those engaged in prostitution.

10. Submit your person, property, house, residence, vehicle, papers, computer, electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3).

11. Not use or possess devices, including cell phones, which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

12. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

13. You shall not associate with any known prostitutes or pimps.

14. Not use alcoholic beverages.

15. Reside in Residential Re-entry Center for up to 120 days as directed by the probation officer.